UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE MILLER,

        Plaintiff,         CIVIL ACTION NO. 07-CV-10928

 VS.                           DISTRICT JUDGE PAUL V. GADOLA

VILLAGE OF PINCKNEY,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel Discovery filed on October 16, 2007. (Docket no. 12). Defendants filed their Response on October 26, 2007. (Docket no. 13). Plaintiff's filed a Reply on November 6, 2007. (Docket no. 16). The parties filed a Joint List of Resolved and Unresolved Issues on November 27, 2007. (Docket no. 20). The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 14). The Court conducted a hearing on the motion on December 3, 2007. The matter is now ready for ruling.

This is an action by Plaintiff alleging the use of excessive and unnecessary force during an arrest, and further alleging civil rights and constitutional violations against Defendant Officer Shepard and Defendant Village of Pinckney. Plaintiff's Request for Production No. 8 to Defendants served on February 20, 2007 is at issue[1].

---

[1]The parties resolved Request for Production No. 1(g) prior to the hearing and agreed that Defendants would produce within fourteen days of this Order "any and all training records and citizen complaints, to the extent any exist, which address use of force and/or assault and battery." (Docket no. 20 ¶ 4).

Plaintiff's Request for Production No. 8 seeks "the complete personnel files of each Defendant." (Docket no. 12 Ex. A). At the hearing Plaintiff argued that it seeks only the personnel files for Defendant Officer Shepard. Defendants object that Request No. 8 is overbroad, vague, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and privileged under Michigan and federal law. Defendants have already agreed to provide all citizen complaints pertaining to excessive force and assault and battery allegations pertaining to Defendant Officer Shepard and all training materials contained in his personnel file. The parties have also agreed to redact the officer's personal information. (Docket no. 13, 20).

Plaintiff claims constitutional violations by Defendant Village of Pinckney and alleges that Defendant "practiced and/or permitted such customs, practices, and/or policies which resulted in these violations." (Docket no. 1 ¶ 41). Plaintiff then alleges examples of customs, practices and/or policies that resulted in the violations, including allegations that Defendant Village of Pinckney knew or should have known officers were violating or prone to violating citizens' constitutional rights. In light of these allegations, Defendant Officer Shepard's personnel file is relevant. Fed. R. Civ. P. 26(c). Defendants have made no showing that the information sought would not come within the broad scope of Fed. R. Civ. P. 26(c).

Defendants further allege a federal privilege applying to confidential intra-agency advisory opinions. Under the executive privilege "intra-government documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions are formulated" are protected from disclosure in discovery. *See Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344-46 (E.D. Pa. 1973). Under federal law there is no general privilege for personnel files. *See Watts v. Kimmerly*, 1996 U.S. Dist. LEXIS 6203 at *8 (W.D. Mich. Apr.

12, 1996). Furthermore, the factual material in Defendant Officer Shepard's personnel file is not protected by executive privilege.

Defendants cite *Ostoin v. Waterford*, 471 N.W.2d 666 (Mich. App. 1991), for the premise that personnel files are exempt from discovery. However, under *Ostoin*, the only material at issue was the evaluative findings of the investigators. *Id.* at 338. The plaintiff had already received all factual material from the file. To the extent that Defendants rely on *Stemler v. City of Florence*, 126 F.3d 856 (6th Cir. 1997) for denying access to officers' personnel files, *Stemler* did not reach this issue on appeal because plaintiff failed to appeal the magistrate judge's initial ruling to the district court.

Defendant's personnel file is relevant, not privileged, and may contain some information subject to an executive privilege. The Court will grant Plaintiff's motion as to Request No. 8 in part and order Defendants to produce Defendant Officer Shepard's personnel file and redact the officer's personal information prior to production including home addresses and telephone numbers of the officer and his family members, social security number, bank account information and drivers license information. To the extent Defendants assert after their review that portions of the personnel file are subject to the deliberative process privilege because they contain advisory opinions, recommendations or deliberations, Defendants will produce those documents to the Court for in camera inspection, similarly redacting all personal information on documents provided to the Court

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 12) is **GRANTED** in part and on or before January 2, 2008 Defendants will produce Defendant Officer Shepard's personnel file and redact the officer's personal information prior to production including home addresses and telephone numbers of the officer and his family members, social security number, bank account information and drivers license information. To the extent Defendants assert after review that portions of the personnel file are subject to the executive privilege because they contain advisory

opinions, recommendations or deliberations, Defendants will produce those documents to the Court for in camera inspection, similarly redacting all personal information on documents provided to the Court.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 11, 2007        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 11, 2007        s/ Lisa C. Bartlett
                                Courtroom Deputy