# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DARLENE MILLER,**

    **Plaintiff,**　　　　　　　**CIVIL ACTION NO. 07-CV-10928-DT**

vs.

**DISTRICT JUDGE STEPHEN J. MURPHY III**

**VILLAGE OF PINCKNEY,**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
    **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
## AND
## GRANTING DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on two discovery motions. Plaintiff filed a Motion to Compel Defendant Shepard to Answer Deposition Questions. (Docket no. 27). Defendants filed a Motion to Compel Plaintiff's Attendance at Independent Medical and Psychiatric Examinations Pursuant to Fed. R. Civ. P. 35(a). (Docket no. 32). These two motions have been fully briefed and referred to the undersigned for decision. (Docket nos. 29, 38). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

This is a civil rights actions by Plaintiff alleging that Defendant Shepard used excessive force against her during her arrest. Plaintiff deposed Defendant Shepard on May 19, 2008. Plaintiff moves to compel Defendant to answer hypothetical questions which Defendant refused to answer during his deposition. The first question is whether Plaintiff being forcefully pushed and/or shoved against an automobile would constitute excessive force under the Fourth Amendment. (Docket no. 33 at 2; docket no. 30 ex. A, p. 33). Defendant answered that he was not going to theorize about

something that did not happen. (*Id*.). The second question is whether it would constitute excessive force to hit Plaintiff in her face with the back of Defendant's hand. (Docket no. 33 at 3; docket no. 30 ex. A, p. 20-21). Defendant responded that it depended on the circumstances. (Docket no. 30 ex. A, p. 21). Finally, Plaintiff asked Defendant if there would have been any need to "have taken [Plaintiff's] body or her face off the side of a car." (Docket no. 33 at 3; docket no. 30 ex. A, p. 23). Defendant responded only that he did not do that. (Docket no. 30 ex. A, p. 23).

Plaintiff claims that hypothetical questions such as these are proper to pose to a lay witness such as Defendant. (Docket no. 33). Defendant Shepard argues that he answered the questions posed to the best of his ability and that the hypothetical questions were improper because they were not based on a complete statement of all relevant facts. (Docket no. 30).

There is no prohibition against asking hypothetical questions of a lay witness during a deposition. *See* Fed. R. Civ. P. 30; Fed. R. Evid. 701. However, such questions "must be based upon facts of record." *Williams v. Thomas Jefferson Univ.*, 54 F.R.D. 615, 617 (E.D. Pa. 1972); *Howard v. Rustin*, 2008 WL 1925102 (W.D. Pa. Apr. 30, 2008). Questions based upon facts not established or an incomplete statement of the facts are not proper. *Williams*, 54 F.R.D. at 617. Plaintiff fails to demonstrate that the questions above are based on facts of record and are a complete statement of the facts. Plaintiff argues that the questions incorporate Plaintiff's version of the events of the day in question but fails to show in the record where these facts may be found. (Docket no. 33 at 2). Plaintiff's Complaint alleges that Defendant punched her in the face two times, grabbed her by the neck, and threw her to the ground face first. (Docket no. 1 ¶ 16). The above questions do not fairly account for these facts, or they add facts not alleged in Plaintiff's Complaint. Moreover, the entire transcript of Defendant's deposition shows his willingness to otherwise answer

the questions posed to him. Plaintiff's request to have Defendant appear at another deposition is not warranted. Plaintiff's Motion to Compel will therefore be denied.

Defendant moves to compel Plaintiff's attendance at independent medical and psychiatric examinations pursuant to Fed. R. Civ. P. 35(a). Rule 35(a) allows a court to order such examinations where the party's mental or physical condition is in controversy. Fed. R. Civ. P. 35(a). Plaintiff does not dispute that her mental and physical conditions are in controversy. (Docket no. 35). Rather, Plaintiff requests that this Court deny Defendants' motion because it was untimely filed, or, alternatively, allow Plaintiff to have present during the examinations a court reporter, a tape recorder, or Plaintiff's counsel. (*Id.*).

Defendants noticed Plaintiff's examinations on the day that discovery closed in this action, May 21, 2008. (Docket no. 35 ex. C). The Notices were therefore timely served. Moreover, Defendants argue that it was necessary to depose Plaintiff before scheduling her examinations and explain that Plaintiff's deposition was delayed approximately ten months due to adjournments requested by Plaintiff. (Docket no. 37). Defendants deposed Plaintiff on May 19, 2008, just two days before the serving of the Notices for Plaintiff's examinations. Under these circumstances the Court will not deny Defendants' motion as being untimely filed.

As to the manner and conditions of the examinations, the general rule in federal court is that observers should not be allowed unless the person to be examined shows special need or good reason for the observer. *Zantello v. Shelby Twp.*, 2007 WL 737723 (E.D. Mich. Mar. 7, 2007). Federal courts have been especially reluctant to approve of counsel's presence during a mental examination. *Di Bari v. Incaica Cia Armadora, S.A.,* 126 F.R.D. 12 (E.D.N.Y. 1989). Plaintiff fails to identify any special need or good reason to have an observer present for her examinations or a

-3-

recording made of them. Plaintiff's argument that an objective recording is required because the facts of this case are disputed would apply to most civil actions. (Docket no. 35 at 6). Accordingly, Defendants' Motion to Compel will be granted. No observers or tape or video recording of the examinations will be allowed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel (docket no. 32) is **GRANTED**. Defendants will re-notice Plaintiff's mental and physical examinations as soon as possible to be completed on or before September 30, 2008. No observers will be present during these examinations and no tape or video recording will be made of the examinations.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 09, 2008     s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 09, 2008     s/ Lisa C. Bartlett
                              Courtroom Deputy